.GASTON ET AL. V. AUSTIN.

1. **Practice**: WAIVER OF ERROR: INSTRUCTION. Where evidence tending to prove a special contract was introduced without objection under a petition claiming to recover generally for services rendered, *held*, that it was not error to instruct with reference to the special contract.

*Appeal from Mahaska District Court.*

THURSDAY, OCTOBER 9.

THE plaintiff, Gaston, commenced an action against the defendant for a balance alleged to be due upon an account for legal services in the foreclosure of a mortgage. At the same time the plaintiff, McNett, commenced an action against the defendant, alleging that he as an attorney and counselor at law was employed by the defendant to aid in the prosecution of a suit for the foreclosure of a mortgage, and that for such service the defendant was justly indebted to him in the sum of one hundred dollars, for which he asked judgment. Both of said claims were for services rendered in the same suit.

The two actions were by the agreement of the parties consolidated, and the defendant answered denying the allegations of the petitions. He further averred that he employed said Gaston to perform the necessary services in and about the foreclosure of said mortgage for the agreed sum of $25, and that said Gaston employed said McNett to assist him in the cause, and the defendant agreed to pay said McNett fifteen dollars for all his services, and that neither of said parties performed the services agreed upon, and what services they did perform were of no value.

By way of counter-claim the defendant further averred that the plaintiffs so carelessly, negligently and unskillfully conducted said cause that defendant was damaged thereby in the sum of five hundred dollars; that said cause was appealed to the Supreme Court of Iowa, and plaintiffs carelessly, negligently and unskillfully failed to have the records of the court below properly and fairly prepared and filed in the office of

the clerk of the Supreme Court, and submitted the cause in the Supreme Court on an imperfect and untrue abstract of the record, and that plaintiffs "conceded and argued facts, law and evidence upon said appeal, whereby defendant lost his cause;" that when the cause was tried in the Circuit Court, the plaintiffs in drawing the decree carelessly and negligently drew it so as to draw only six per cent interest, whereas by the terms of the mortgage and note sued on it was to bear ten per cent interest. Judgment was demanded against the plaintiffs in the sum of five hundred dollars. There was a trial by jury, and a verdict and judgment for the plaintiffs. Defendant appeals.

*Williams & McMillen*, for appellant.

*John F. Lacey*, for appellees.

ROTHROCK, J. I.—Other allegations were set forth in amended answers, which, in the view we take of the case, are
1. PRACTICE: waiver of error: instruction.
not necessary to be considered. The court instructed the jury to the effect that if they found from the evidence that the defendant employed the plaintiffs to do service for him and they did such service, and the price was agreed upon, then the contract price should be the measure of recovery, but that if there was no contract but that of employment, then the plaintiffs would be entitled to recover such sums as the evidence showed their services to be reasonably worth.

It is contended that the instructions were erroneous because the plaintiffs did not aver special contracts in their petitions. The petitions may well be construed as claims upon special contract for services, although they are general and indefinite in statement. The defendant set up special contracts with the plaintiffs, and all the parties introduced evidence of special contracts without objection. Under these circumstances we think the instructions were not erroneous. If the defendant was not content to go to trial upon petitions which stated the claims in such a general way, he should have moved at the proper time for more specific statements.

II. The court refused to submit to the jury the claim for malpractice set up in the counter-claim, upon the ground that there was no evidence tending to support such claim. This ruling is assigned as error. It would probably be sufficient to sustain this ruling of the court to say that the abstract of appellant contains only a part of the evidence. But we think the evidence contained in the record does not tend to establish the counter-claim. It does not appear therefrom that the cause was submitted to the Supreme Court upon an abstract that did not contain all the evidence. An agreement to an abstract by counsel for appellee is not negligence unless it be shown that the record has not been preserved, so that an abstract of evidence can be made. This does not appear in the evidence in this case. It appears from the decree signed by the judge that the notes of the evidence taken by the short hand reporter were duly filed and made part of the records in the cause. If made part of the record it must have been done in the proper manner, and if the evidence was of record that was all that was required. Further, there is no evidence tending to show that the abstract submitted to this court was not correct.

III. The defendant was asked upon the trial when under examination as a witness whether he stated certain facts as a witness in the foreclosure case. This testimony was very properly excluded by the court, upon the ground that the record of the evidence in the foreclosure case was the best evidence of what it contained.

IV. Exceptions were taken to the exclusion of certain testimony sought to be elicited from Hon. M. E. Cutts as to the practice in this court, and the duty of attorneys in the matter of presenting abstracts and the conduct of causes. This ruling was correct in view of the fact that it appeared from the record in the foreclosure case that the evidence was of record.

V. Lastly it is urged that the court erred in taking from the jury the consideration of an alleged contract set up in the defendant's answer, by which it was agreed that $100 attorney's fees should be taxed up in favor of plaintiffs, provided it could be made out of the mortgaged property, over and

above defendant's claim. This averment of the answer was not taken from the jury. The court instructed the jury generally as to the contracts made between the parties, and this was as fairly included as any other issue in the case.

AFFIRMED.